IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GBEKE MICHAEL AWALA, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 07-750-***-MTP |
| JUSTICE SAMUEL ALITO, JR., et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

At Wilmington this 6 day of December, 2007;

IT IS ORDERED that Plaintiff's Application To Proceed Without Prepayment Of Fees (D.I. 2) is **DENIED**, for the reasons that follow:

1. **Background.** Plaintiff Gbeke Michael Awala ("Awala"), an inmate at the U.S. Penitentiary Canaan, Waymart, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 alleging violations of his constitutional rights. Plaintiff proceeds pro se. Plaintiff filed a financial affidavit which the Court construes as an application to proceed without prepayment of fees. (D.I. 2.) Plaintiff is a frequent filer in this district.

2. **Motion to Proceed In Forma Pauperis.** The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past,

while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding <u>in forma pauperis</u> may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

    3. According to the United States Party/Case Index for the Federal Courts, to date, and while a prisoner, Plaintiff has filed over ninety civil actions in various federal district courts across the country, and at least fifty appeals in various federal appellate courts across the country. Many of those cases have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, while others have been dismissed for Plaintiff's failure to pay the filing fee due to his status of filing more than three cases that were frivolous, malicious, or failed to state a claim upon which relief may be granted.

    4. The cases dismissed as frivolous, malicious, or for

failure to state a claim upon which relief may be granted, are as follows: <u>Awala v. New Jersey Dep't of Corr.</u>, No. 05-4899 (3d Cir. Jan. 31, 2007); <u>Awala v. Regional Office Bureau of Prisons</u>, No. 05-5169 (3d Cir. June 5, 2006); <u>Awala v. Federal Pub. Defender</u>, No. 05-4341 (3d Cir. Apr. 21, 2006); <u>Awala v. Wachovia Corp.</u>, No. 05-3381 (3d Cir. Dec. 8, 2005); <u>Awala v. People Who Want to Restrict Our First Amendment Rights</u>, No. 05-3863 (3d Cir. Dec. 8, 2005); <u>Awala v. 8 U.S.C. § 1326</u>, C.A. No. 06-012-KAJ (D. Del. Mar. 17, 2006); <u>Awala v. Stretton</u>, C.A. No. 05-472-KAJ (D. Del. Mar. 3, 2006); <u>Awala v. U.S. Congress</u>, C.A. No. 05-307-KAJ (D. Del. Dec. 15, 2005); <u>Awala v. Delaware River and Bay Auth. Police Dep't</u>, C.A. No. 05-97-KAJ (D. Del. Dec. 15, 2005); <u>Awala v. State of New Jersey Dep't of Corr.</u>, C.A. No. 05-2362FLW (D.N.J. Aug. 23, 2005); and <u>Awala v. Federal Pub. Defender</u>, C.A. No. 05-CV-281-KAJ (D. Del. Aug. 5, 2005). As a result, Plaintiff may not file another civil action <u>in forma pauperis</u> while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his Complaint. 28 U.S.C. § 1915(g); <u>Abdul-Akbar v. McKelvie,</u> 239 F.3d 307, 311 (3d Cir. 2001).

5. Plaintiff's Complaint does not meet that standard. Rather, the Complaint complains of actions taken by a U.S. senator, justices of the U.S. Supreme Court, appellate judges, district court judges, and a clerk of court all in relation to

-3-

Plaintiff's quest, in a criminal action brought against him, to prove that he is a U.S. citizen and not an alien. Hence, Plaintiff is not excused from the restrictions under § 1915(g), he may not proceed *in forma pauperis* and, therefore, his application to proceed without prepayment of fees will be denied.

6. **Conclusion.** Based upon the foregoing analysis, the Application To Proceed Without Prepayment Of Fees (D.I. 2) is **DENIED**. Plaintiff is given **thirty** (30) days from the date of this Order to pay the $350.00 filing fee. If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed and the case **CLOSED** pursuant to 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE